[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On August 12, 1992, the defendant filed a motion for modification. Based upon various agreements between the parties, a hearing on the matter was held by this court on March 24, 1993.
After argument by counsel the court issued orders from the bench which are in the file. The court took the papers on the issue on what to find for an arrearage which depends upon what the court finds to be the plaintiff's income. Initially both counsel have agreed that regardless of what weekly/yearly figure the court finds it will be retroactive for a period of twenty-six weeks. This court already ruled that whatever figure the court finds as the arrearage it will be paid at the rate of $25.00 per week until the court takes another look at the plaintiff's income on the 22nd of September, 1993.
The evidence shows that the plaintiff's taxable income for 1992 was $61,000. Further, the record shows that he took an additional cash disbursement of $22,000 for himself from the CT Page 5426 company as a reimbursement for a previous loan to the company. Additionally the company's books show that the defendant had a cash balance of approximately $17,000 on hand at the end of the year. The sole question before this court is what is the actual income to be counted for child support purposes, is it the taxable $61,000 or the actual salary plus the loan for a total of $81,000 or $99,000 since that money was available to him even though he did not exercise the option of removing it from the company.
It is a finding of this court that the figure of $81,000 be used to calculate the arrearage for the twenty-six week period. While recognizing that a loan payback is not income from an income tax perspective, it is nevertheless income into the hands of the father. There is no evidence before this court on whether the loan to the corporation was from pre or post tax dollars. In fact the record shows that the plaintiff borrowed the money from his parents and loaned it to the corporation. Reason says that if the loan to the corporation was from post tax income which has already been calculated in the child support obligation previously, the payback of the loan cannot be counted twice. However, here the loan was not directly from the plaintiff to the corporation so the court feels that it must be counted as income. To do otherwise would allow parties to borrow from third parties, loan it to the corporation, receive it back and never pay the third party back or have the corporation pay the third party and avoid the full calculation of the child support guidelines. Based upon the foregoing findings, this court orders the parties to calculate the arrearage on the $81,000 figure and once agreement is reached, to file that figure with the court. The court at the hearing scheduled for September will have to examine the earnings of the plaintiff from the period of March 24, 1993 to the time of the hearing to see if his earnings require a further adjustment by this court. For example, if the plaintiff's income when calculated by the guidelines are above the $225.00 per week child support currently ordered by this court, then a further arrearage will have to be found by the court and the prospective order adjusted to the actual income during the March to September period.
Norko, J. CT Page 5427